IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS PADILLA TEJEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1348-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as* | § | |
| *Acting United States Attorney General*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Jose De Jesus Padilla Tejeda's ("Petitioner") Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invokes 28 U.S.C. § 2243 and asks the

Court to order Respondents to show cause within three days as to why the petition should not be

granted.

The statutory provision that Petitioner invokes, 28 U.S.C. § 2243, instructs that:

A court, justice or judge entertaining an application for a writ of habeas corpus shall
forthwith award the writ or issue an order directing the respondent to show cause why
the writ should not be granted, unless it appears from the application that the applicant
or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within

three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C.

§ 2243. Petitioner challenges his ongoing detention without an individualized determination of the

necessity of that detention. (Pet., Dkt. 1, at 11–18). From the face of the petition, it appears

Petitioner may be entitled to the writ, and therefore the Court will order Respondents to show cause

1

as to why Petitioner's writ should not be granted within the next three days in accordance with § 2243.[1]

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Susan Hightower, (Dkt. 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge Robert Pitman.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition, (Dkt. 1), and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[2] and Federal Rule of Civil Procedure 5.[3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition, (Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before May 29, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas

---

[1] District courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). However, here, recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that, both equitably and prudentially, the timeline suggested in § 2243 is appropriate.

[2] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[3] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

Corpus. Petitioner may file a reply **on or before June 3, 2026**. Additionally, **on or before May 29, 2026**, either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).[4]

**SIGNED** on May 26, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] Should Petitioner seek voluntary departure, Petitioner may voluntarily dismiss this case before the Court, which would close the case and terminate this order.