IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS PADILLA TEJEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1348-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as* | § | |
| *Acting United States Attorney General*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Jose De Jesus Padilla Tejeda ("Petitioner") brought his first Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District

of Texas on March 2, 2026. (*See Padilla Tejeda v. Blanche et al.*, Compl., Dkt. 1, 1:26-CV-514-ADA

(W.D. Tex.) ("First Petition")). United States District Judge Alan D Albright denied Petitioner's

First Petition and entered final judgment in that case on March 12, 2026.

On May 20, 2026, Petitioner filed another Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241, (Dkt. 1), and that case was assigned to the undersigned. On May 26, 2026, pursuant

to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the

petition should not be granted. (Dkt. 3). On May 29, 2026, Respondents Todd Blanche, Markwayne

Mullin, Todd M. Lyons, and Sylvester Ortega (collectively, "Respondents")[1] filed a response[2] in

opposition, (Dkt. 4). Having considered the parties' arguments, the evidence presented, and the

relevant law, the Court will deny Petitioner's Second Petition for Writ of Habeas Corpus.

---

[1] The Response was filed only on behalf of the federal employees in this action. (Resp., Dkt. 4, at 1 n.1).
[2] In Respondents' Response, they "reallege and reassert" the factual background and arguments asserted in their response to Petitioner's First Petition. (Resp., Dkt. 4, at 2). Accordingly, the Court will refer to and cite from that response as well throughout this order, where necessary.

## I. BACKGROUND

Petitioner, a citizen of Mexico, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 4, 5). Petitioner entered the United States in 2004 without being admitted or paroled to the country. (*Id.* at 4; Resp. to First Pet., 1:26-CV-514-ADA, Dkt. 5, at 4). He has resided in the United States since then. (Pet., Dkt. 1, at 2). Petitioner alleges that on November 5, 2025, he was "arrested by immigration officials after he was stopped by a Sheriff in Williamson County, for a traffic violation." (*Id.*). Respondents assert that Petitioner requested a bond hearing, and on January 13, 2026, the Immigration Judge denied Petitioner's request for bond, "finding that since the Petitioner is an applicant for admission, the court lacks jurisdiction to grant bond." (Resp. to First Pet., 1:26-CV-514-ADA, Dkt. 5, at 4). Petitioner alleges that on March 3, 2026, he "sought an individualized hearing and presented his case of Cancellation of Removal before the San Antonio Immigration Court," but the "Immigration Judge denied his Cancellation of Removal application." (Pet., Dkt. 1, at 2). Petitioner appealed that decision on April 2, 2026 and is awaiting a decision. (*Id.*).

Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Resp., Dkt. 4, at 1). Petitioner alleges that he is entitled to a writ because (1) the detention authority purportedly being applied to detain him does not apply; (2) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; and (3) his detention violates the Fourth Amendment. (Pet., Dkt. 1, at 11–18). Petitioner asks the Court to declare that his detention is unlawful and to grant the writ of habeas corpus ordering Respondents to release Petitioner. (*Id.* at 18).

## II. DISCUSSION

As described above, on March 12, 2026, the District Judge denied Petitioner's First Petition filed in this district. (Order Denying First Pet., 1:26-CV-514-ADA, Dkt. 6). Petitioner contends that

the District Judge denied his habeas petition only on the basis of the "statutory question [of] whether long-term undocumented residents qualify as 'applicants for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and that he "expressly left all constitutional due process claims unaddressed." (Pet., Dkt. 1, at 2). Respondents claim that Petitioner's contention is inaccurate, because, instead, the District Judge incorporated his prior analysis denying habeas relief on constitutional grounds and challenges brought under the Administrative Procedure Act ("APA") and applied it to Petitioner's case. (Resp., Dkt. 4, at 1–2). As such, Respondents urge the Court to deny Petitioner's Second Petition in front of the Court now.

Upon review of the District Judge's order denying Petitioner's First Petition, the Court finds that the District Judge denied relief by (a) finding that Petitioner is lawfully detained under § 1225 rather than § 1226 pursuant to the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499 (5th Cir. 2026) and (b) incorporating by reference his prior analysis denying habeas relief on constitutional grounds and challenges brought under the APA in *Rodriguez Hernandez v. Collins, et al.*, 1:26-CV-289-ADA (W.D. Tex. Mar. 9, 2026). (Order Denying First Pet., 1:26-CV-514-ADA, Dkt. 6, at 1–2). Indeed, in *Rodriguez Hernandez*, the District Judge concluded that he was "not persuaded that substantive due process requires a bond hearing for Petitioner" and that "procedural due process does not entitle Petitioner to a bond hearing." (Order Denying Pet., *Rodriguez Hernandez*, 1:26-CV-289-ADA, Dkt. 12, at 4). The District Judge also found that he did "not have jurisdiction to review Petitioner's APA claim because detention does not constitute a final agency action." (*Id.* at 5).

Unlike the mandatory dismissal of a second or successive § 2255 motion, "dismissal of a successive § 2241 petition is discretionary." *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) (citing 28 US.C. § 2244[3]). *See also James v. Cain*, 56 F.3d 662, 665 (5th Cir.

---

[3] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it

1995) ("A district court's decision to dismiss a second or subsequent federal habeas corpus petition for abuse of the writ lies within its sound discretion."). However, the "abuse of the writ" doctrine presents several bars to successive habeas petitions under § 2241. *Ortiz-Lopez*, 830 F. App'x at 131. For example, "a successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again." *Id.* (citing *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994)). "Additionally, a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claim earlier." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991)).

In Petitioner's First Petition, he argued that his detention was a violation of his rights to substantive and procedural due process guaranteed by the Fifth Amendment; a violation of the Immigration and Nationality Act ("INA"); a violation of the APA; and a violation of the Suspension Clause. (First Pet., 1:26-CV-514-ADA, Dkt. 1, at 25–35). In Petitioner's Second Petition, he included the same Fifth Amendment and INA claims but replaced his APA and Suspension Clause claims with a claim arguing that his detention is a violation of the Fourth Amendment. (Pet., Dkt. 1, at 11–18).

The Court finds that Petitioner's Second Petition falls under the two examples of barred successive habeas petitions described above. Petitioner's Second Petition both presents the "same legal claims addressed in a prior petition," i.e., his Fifth Amendment and INA claims, *Ortiez-Lopez*, 830 F. App'x at 131, and "raises a claim that could have been raised in a first petition" without a showing of "cause and prejudice for his failure to raise the claim earlier," *id.* The Court cannot identify a reason why Petitioner could not have brought his Fourth Amendment claim in his First

---

appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

Petition, given that the claim concerns Petitioner's allegedly warrantless arrest, which occurred months before he filed his First Petition. (Pet., Dkt. 1, at 16–18).

Accordingly, the Court, pursuant to its discretion afforded in 28 US.C. § 2244, finds that Petitioner's Second Petition should be denied under the abuse of the writ doctrine.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**.

**SIGNED** on June 5, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5